UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Juan J. Zamora | § § § § | Civil Action No. |
| v | § § | 5:20-cv-110 |
| | § § § | |
| Javitch Block, LLC and Eric S. Peterson | § § § | |

Complaint

_____

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. Chapter 31 of the Texas Civil Practice and Remedies Code allows for the post-judgment appointment of a receiver to aid in collection of a judgment. To appoint a receiver a judgment creditor must show a court some evidence that the judgment debtor has non-exempt assets.

3. The receivership statute expands on Texas' generous and well know exemptions by making the proceeds of exempt assets exempt from receivership. "A court may not enter or enforce an order under this

section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code." Tex. Civ. Prac. & Rem. Code § 31.002(f).

4. Texas courts have held that the proceeds of wages are exempt. "The trial court ordered that Robert must turn over his wages to a receiver on the first and fifteenth days of each month until the judgment is satisfied. We hold that this order violates Sec. 31.002(f) of the Texas Civil Practice and Remedies Code. By prohibiting the turnover of the proceeds of property exempt under any statute, this section necessarily prohibits the turnover of the proceeds of current wages." *Caulley v. Caulley*, 806 S.W.2d 795, 798 (Tex. 1991). "With regard to a turnover order, the proceeds of property exempted under Section 42.0021(a) cannot be the subject of a turnover order. Civ. Prac. & Rem. Code § 31.002(f)" *Bergman v. Bergman*, 888 S.W.2d 580, 586 (Tex. App. 1994).

5. After a line of cases that allowed the turnover of deposited paychecks and the proceeds of retirement accounts, the Texas Legislature amended the receivership statute. "This amendment was intended, in part, to prevent turnovers of paychecks, retirement checks, and other similar types of assets after a judgment debtor received them. HOUSE COMM. ON THE JUDICIARY, BILL ANALYSIS, Tex.H.B. 1029, 71st Leg., R.S. (1989). Thus, even when property is no longer exempt under any other statute, if it represents proceeds or disbursements of exempt property, it is not subject to a turnover

order." *Burns v. Miller, Hiersche, Martens*, 948 S.W.2d 317, 323 (Tex. App. 1997)

6. Plaintiff brings this action for Defendants' violations of the FDCPA and seeks actual damages, statutory damages, attorney's fees, and costs.

Jurisdiction & Venue

7. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

9. Plaintiff, Juan Zamora, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

10. Defendant, Javitch Block LLC, is an Ohio limited liability company whose mailing address is 1100 Superior Avenue East, Floor 19, Cleveland, Ohio 44114-2521. It may be served with process via its registered agent Registered Agent Solutions, Inc. at 1701 Directors Boulevard, Austin, Texas 78744.

11. Defendant Eric S. Peterson is a licensed attorney at law in the State of Texas, having been admitted on January 25, 2018 and holding bar card number 24107156.

12. The principal business address of Peterson is 1100 Superior Avenue East, Floor 19, Cleveland, OH 44114-2521.

Facts

13. Defendants regularly collect, and attempt to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

14. The principal purpose of Javitch is the collection of such debts.

15. Peterson is an attorney employed by Defendant Javitch.

16. As part of his duties, Peterson regularly engages in the collection of consumer debts through litigation.

17. The Debt is an allegedly defaulted debt that Zamora used for personal, family, and household purposes (the "Debt").

18. Mr. Zamora is employed by San Antonio Independent School District as a groundskeeper. This is his sole source of income and he earns an hourly wage. Mrs. Zamora is employed at a local day care. She earns an hourly wage. The Zamora's have no income outside of the wages they earn.

19. On May 23, 2016 Javtich, on behalf of Toyota Motor Credit Corporation, was awarded a judgment against Zamora.

20. In a motion file stamped July 19, 2019, Javitch sought appointment of a post judgment receiver.

21. A true and correct copy of Javitch's motion is attached as Exhibit 1.

22. In its motion Javitch states that the judgment includes "post-judgment interest at .0.00% per annum."

> **Final Judgment:** On May 23, 2016, Judgment Plaintiff obtained a Judgment against Judgment Defendant by this Court in the above styled cause for $10,707.51 in damages, $0.00 in attorney's fees and costs of court with post-judgment interest at .0.00% per annum (hereinafter referred to as the "Judgment"). The Judgment is just, due, unpaid, and remains unsatisfied. No Supersedeas Bond has been filed or approved.

23. In Exhibit A to Javitch's motion Eric S. Peterson testified via affidavit that "Plaintiff obtained judgment against Defendant on May 23, 2016 for $10,707.51 plus interest at the rate of 5.00% from date of judgement and costs of court."

> 3. Plaintiff obtained judgment against Defendant on May 23, 2016 for $10,707.51 plus interest at the rate of 5.00% from date of judgment and costs of court.

24. A copy of the judgment was not included as an exhibit to the motion.

25. The motion and the affidavit appear to be signed by the same person.

26. Both statements regarding the interest accruing on the judgment cannot be true.

27. The motion contains a section titled "Non-Exempt Property" which refers to the affidavit.

> **Non-Exempt Property:** Judgment Defendant owns or has, or will have within its possession or control property interests, together with documents relating to the property, which is not exempt from attachment, execution, or any other type of seizure for the satisfaction of liabilities. A true and correct copy of the evidence of Judgment Defendant's non-exempt property is attached hereto and incorporated herein for all purposes by reference as Exhibit "A".

28. The affidavit in Exhibit A contains testimony by Peterson that Zamora "owns or has, or will have within its possession or control property interests…which is not exempt from attachment, execution, or any other type of seizure for the satisfaction of liabilities."

> 4. Defendant owns or has, or will have within its possession or control property interests, together with documents relating to the property, which is not exempt from attachment, execution, or any other type of seizure for the satisfaction of liabilities.

29. This statement is based on Peterson's "personal knowledge" gained by his review of "the file on Defendant" and his general familiarity with "this" account.

> 2. I have reviewed the file on the Defendant. Based on my review of the file and my general familiarity with this account, I have personal knowledge of the account and the matters stated herein are true.

30. This self-referential circular reasoning fails to provide evidence of non-exempt property.

31. On information and belief Peterson did not conduct a material review and his general familiarity with Zamora's account are not evidence that Zamora has some non-exempt property.

32. Had Peterson conducted a sufficient investigation he would have learned that Zamora does not possess any assets exempt from receivership.

33. Peterson's affidavit makes false and misleading representation in an effort to collect a consumer debt.

First Cause of Action – Fair Debt Collection Practices Act

34. Defendants are a debt collectors as defined by 15 U.S.C. § 1692a(6).

35. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

36. Zamora is a consumer as defined by 15 U.S.C. § 1692a(3).

37. The motion is a communication as defined by 15 U.S.C. § 1692a(2).

38. The Defendants violated the FDCPA in that they:

    a. Made false or misleading representations in violation of 15 U.S.C. § 1692e;

    b. Made a false representation of the character, amount, or legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. Falsely represented or implied that a communication is from an attorney in violation of 15 U.S.C. § 1692e(3);

    d. Threatened to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(4); and

e. Used a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

Jury Demand

39. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);
b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and
c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated: January 29, 2020          Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com